# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD.,<br><br>           Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>           Defendant. | Case No. 6:21-cv-01071<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST APPLE INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Scramoge Technology Limited ("Plaintiff" or "Scramoge") makes the following allegations against Defendant Apple Inc. ("Defendant" or "Apple"):

## INTRODUCTION

1.      This complaint arises from Apple's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in wireless charging of mobile devices:   United States Patent Nos. 9,490,652 ("the '652 Patent") and 7,825,537 ("the '537 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.      Plaintiff Scramoge Technology Ltd. is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Scramoge is the sole owner by assignment of all

right, title, and interest in the Asserted Patents including the right to recover damages for past, present, and future infringement.

3.      On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014.  Apple may be served with process through its registered agent, CT Corporation System, at 330 North Brand Boulevard, Suite 700, Glendale, CA 91203.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Apple in this action because Apple has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.  Apple, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Apple is registered to do business in Texas, and upon information and belief, Apple has transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Apple has regular and established places of business in this District, including at 12545 Riata Vista Cir., Austin, Texas 78727; 12801 Delcour Dr., Austin, Texas 78727; and

3121 Palm Way, Austin, Texas 78758.[1]  Apple also has posted job listings for hardware engineers related to battery operation in Austin, Texas, which is a job that concerns the implementation of the inventions contained in the Asserted Patents.[2]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,490,652

7.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8.      Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,490,652, entitled "Wireless charger equipped with auxiliary power supply and auxiliary power device."  The '652 Patent was duly and legally issued by the United States Patent and Trademark Office on November 8, 2016.  A true and correct copy of the '652 Patent is attached as Exhibit 1.

9.      On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the MagSafe Battery Pack, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '652 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

---

[1] *See, e.g.*, https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/; https://www.google.com/maps/place/Apple+Inc./@30.4324406,-97.7359733,15z/data=!4m5!3m4!1s0x0:0x5852421ec4ac410c!8m2!3d30.4322558!4d-97.7359386; https://www.apple.com/retail/domainnorthside/.

[2] *See, e.g.*, https://jobs.apple.com/en-us/details/200124923/power-management-micro-architect?team=HRDWR; https://jobs.apple.com/en-us/details/200065603/csm-analog-power-design-lead?team=HRDWR; https://jobs.apple.com/en-us/details/200209663/cellular-soc-power-engineer?team=HRDWR.

10.     The Accused Products satisfy all claim limitations of one or more claims of the '652 Patent.   A claim chart comparing exemplary independent claim 1 of the '652 Patent to representative Accused Products is attached as Exhibit 2.

11.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '652 Patent pursuant to 35 U.S.C. § 271(a).

12.     As a result of Apple's infringement of the '652 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,825,537

13.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,825,537, entitled "Inductive power transfer system and method."   The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 2, 2010.   A true and correct copy of the '537 Patent is attached as Exhibit 3.

15.     On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Apple MagSafe Charger, MagSafe Battery Pack, MagSafe Duo Charger, Apple Watch Magnetic Charging Dock, Apple Watch Magnetic Fast Charger to USB-C Cable, Apple Watches sold with a wireless charger (including but not limited

to Apple Watch 1st Generation, Watch Series 1, Watch Series 2, Watch Series 3, Watch Series 4, Watch Series 5, Watch SE, Watch Series 6, and Watch Series 7), and all Apple Wireless Chargers for the Apple Watch (including but not limited to any chargers sold with or as an accessory to the Apple Watch 1st Generation, Watch Series 1, Watch Series 2, Watch Series 3, Watch Series 4, Watch Series 5, Watch SE, Watch Series 6, and Watch Series 7) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '537 Patent, including through Apple's sale of infringing systems, own use, and/or testing of the Accused Products.   Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

16.   The Accused Products satisfy all claim limitations of one or more claims of the '537 Patent.   A claim chart comparing exemplary independent claim 1 of the '537 Patent to representative Accused Products is attached as Exhibit 4.

17.   Apple also knowingly and intentionally induces infringement of one or more claims of the '537 Patent in violation of 35 U.S.C. § 271(b).   As of at least the filing and service of this complaint, Apple has knowledge of the '537 Patent and the infringing nature of the Accused Products.   Despite this knowledge of the '537 Patent, Apple continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '537 Patent. For example, Apple demonstrates how to use the exemplary MagSafe Duo Charger to inductively charge a target unit, *i.e.*, smartphone, wearable, and/or other device, in a manner that infringes one or more claims of the '537 Patent:



## Product Information ⌃

**Overview**

The MagSafe Duo Charger conveniently charges your compatible iPhone, Apple Watch, Wireless Charging Case for AirPods, and other Qi-certified devices. Just place your devices on the charger and a steady, efficient charge begins on contact. The charger folds together neatly so you can easily take it with you wherever you go.

*See* https://www.apple.com/shop/product/MHXF3AM/A/magsafe-duo-charger?fnode=b768677949d91181217a0678a67a7c1be3fb48ab572becc242d1199180bef298a7e640af501ee9ab7f9eae9f1028fca4bbeeb3ae6ec282092978290036b9930dca61f764d3c5209588c95792d51f5d5cc510bacb570fcf2a9eab3571262bb9a766089345a3da2d777adec827acc80c81&fs=f%3Dcharger%26fh%3D47a7%252B45d4.   Apple also provides users with information on its website that include step-by-step instructions on how to use the exemplary MagSafe Duo Charger to inductively transfer power to a target unit, *i.e.*, a smartphone, wearable, and/or other device, in an infringing manner:

# How to use your MagSafe Duo Charger with iPhone 12 models and Apple Watch

Learn how to charge your iPhone 12 and Apple Watch wirelessly with your MagSafe Duo Charger.

Your MagSafe Duo Charger is designed to work with iPhone 12, iPhone 12 mini, iPhone 12 Pro, iPhone 12 Pro Max, Apple Watch (all models), Apple MagSafe accessories, and Qi-certified devices and accessories.

## Get faster wireless charging for iPhone 12 models

The MagSafe Duo Charger is designed to quickly and safely wirelessly charge your iPhone 12 and Apple Watch simultaneously. The system intelligently adapts to conditions to optimize charging iPhone 12 at up to 14W of peak power delivery. The actual power delivered to the iPhone will vary depending on the wattage of the power adapter and system conditions. For iPhone 12 mini, the MagSafe Duo Charger delivers up to 12W of peak power delivery.

It is important to plug into a power source before placing your iPhone on the MagSafe Duo Charger. This allows MagSafe to verify it is safe to deliver maximum power. If you happen to place your iPhone on the MagSafe Duo Charger before plugging into a power source, simply remove your iPhone from the MagSafe Duo Charger, wait three seconds, and then put it back on to resume maximum power delivery.

The MagSafe Duo Charger is designed to negotiate the maximum power up to 9 volt (V) and 3 amp (A) with a USB PD compatible power adapter. MagSafe will dynamically optimize power delivered to the iPhone. The power delivered to the iPhone 12 at any moment will vary depending on various factors including temperature and system activity.

## How to charge Apple Watch

You can charge your Apple Watch in a flat position with its band open, or on its side, by lifting the inductive charging connector. When docked on its side, your Apple Watch automatically goes into nightstand mode, so you can also use it as your alarm clock.

Place the back of your Apple Watch on the charging connector, with the connector upright or flat. When your Apple Watch starts to charge, you'll see the charge indicator on the display.

*See* https://support.apple.com/en-us/HT211925.  Apple provides similar user instructions on its website that explain how to use the Accused Products in an infringing manner.  *See, e.g.*, https://support.apple.com/en-us/HT212174 (MagSafe Battery Pack User Instructions); https://support.apple.com/en-us/HT211829 (MagSafe Charger User Instructions).  Apple provides

these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Apple also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '537 Patent, thereby specifically intending for and inducing its customers to infringe the '537 Patent through the customers' normal and customary use of the Accused Products.

18.     Apple has also infringed, and continues to infringe, one or more claims of the '537 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '537 Patent, are especially made or adapted to infringe the '537 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Apple has knowledge of the '537 Patent and the infringing nature of the Accused Products. Apple has been, and currently is, contributorily infringing the '537 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, Apple advertises that the Accused Products, including the exemplary MagSafe Battery Pack, are designed to transfer power to compatible devices:

## Product Information                                                                   ∧

**Overview**

Attaching the MagSafe Battery Pack is a snap. Its compact, intuitive design makes on-the-go charging easy. The perfectly aligned magnets keep it attached to youriPhone 12 and iPhone 12 Pro or iPhone 13 and iPhone 13 Pro — providing safe and reliable wireless charging. And it automatically charges, so there's no need to turn it on or off. There's no interference with your credit cards or key fobs either.

At your desk and need a charge? Just plug a Lightning cable into the MagSafe Battery Pack for up to 15W of wireless charging. Short on time? With a higher than 20W power adapter, you can charge both the MagSafe Battery Pack and your iPhone even faster. And you can track the status of your charge on the Lock Screen.

*See* https://www.apple.com/shop/product/MJWY3AM/A/magsafe-battery-pack?fnode=48cdf4301033ea22f29b2b3614a8908d9e9b5a68ce3a7e815f2e12b7b93091d66e0636b1107e19014cdc532bacdd75e27bb3942c3dccf7a2a314b7963087e43b21f94f99eabb5011e15655a0c15f892f42332f78e12d37c2274e358afdf4139a.  Apple's wireless chargers and power banks are base units that constitute a material part of the inventions claimed in the '537 Patent, are especially made or adapted to infringe the '537 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  For example, there are no non-infringing uses for the accused functionality in the Accused Products other than to inductively transfer power to a target unit in an infringing manner.

19.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '537 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

20.    As a result of Apple's infringement of the '537 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.    A judgment in favor of Plaintiff that Apple has infringed, either literally and/or under the doctrine of equivalents, the '652 and '537 Patents;

b.    A judgment and order requiring Apple to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Apple's infringement of the '652 and '537 Patents;

c.      A judgment and order requiring Apple to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d.      A judgment and order requiring Apple to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Apple; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  October 14, 2021                  Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (NY SBN 4011011)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com
Drew B. Hollander (NY SBN 5378096)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge Technology Limited***