# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| SCRAMOGE TECHNOLOGY LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:21-cv-01071-ADA |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| Defendant. | § | |

## APPLE INC.'S OPPOSED MOTION TO STAY PROCEEDING PENDING MANDAMUS REVIEW

Defendant Apple, Inc. ("Apple") respectfully moves the Court for a stay of all proceedings in this Court pending the resolution of Apple's Petition for Writ of Mandamus to the Court of Appeals for the Federal Circuit, filed September 8, 2022 (the "Petition"). A copy of the Petition (without Exhibits) is attached here as Exhibit A.

## I.      INTRODUCTION

The Discovery and Scheduling Order (the "Order"), DE 56, violates Fifth and Federal Circuit precedent instructing district courts to give top priority to transfer motions and to address them at the outset of litigation, before addressing any substantive portion of the case. The Order postpones the transfer decision until after fact discovery, the deadline to add parties, the final contention deadline, the pleading amendment deadline, two rounds of compulsory claim/prior art combination narrowing, and the commencement of pretrial disclosure exchanges. This *sua sponte* schedule amendment violates the Federal Circuit's command that trial courts may not frustrate 28 U.S.C. § 1404 (a)'s purpose by forcing the parties here "to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. 2015). The Federal Circuit has made clear that a district court's significant delay in ruling on a transfer motion merits mandamus relief.

Apple respectfully submits that the Petition raises at least a "substantial case on the merits," which weighs in favor of a stay. *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990). All other traditional factors also weigh in favor of a stay at this time. Thus, a short and immediate stay of litigation during mandamus review is warranted. *See id.*; *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 2722051, at *2 (E.D. Tex. June 6, 2018) (applying the traditional stay factors in the mandamus context).

## II.     APPLICABLE LAW

District courts possess an inherent power to manage their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). District courts traditionally look to four factors in determining whether a stay is appropriate when an order is

subject to appellate review: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Team Worldwide*, 2018 WL 2722051, at *2.

Even where a district court does not agree that the appeal is "likely to succeed on the merits," the Federal Circuit has held that this factor is relaxed "'where [the] movant . . . can nonetheless demonstrate a *substantial case* on the merits,' *provided* the other factors militate in movant's favor." *Standard Havens*, 897 F.2d at 513; *see, e.g.*, *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1377 (Fed. Cir. 2010) (Federal Circuit granted stay pending resolution of mandamus proceeding). Similarly, the Fifth Circuit holds that although each part of the test must be met, a "movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981); *see also Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (same).

Applying this standard, other district courts in Texas have granted stays of proceedings in patent cases pending the Federal Circuit's resolution of a petition for writ of mandamus. *See, e.g.*, Order for Stay, *Raytheon Co. v. Cray, Inc.*, No. 2:15-CV-01554-JRG (E.D. Tex. July 18, 2017), ECF No. 315; *Queens Univ. at Kingston v. Samsung Elecs. Co.*, No. 2:14-cv-43-JRG-RSP, 2015 WL 10936048 (E.D. Tex. Aug. 28, 2015).

## III.    ARGUMENT

### A.    Apple has presented a substantial case on the merits of its appeal.

A stay is appropriate where the movant can "demonstrate a *substantial case* on the

merits," provided the other factors militate in the movant's favor. *Standard Havens*, 897 F.2d at 513; *see also Ruiz*, 650 F.2d at 565 ("If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed.") That standard is satisfied here.

Both the Federal Circuit and Fifth Circuit have held that a request for transfer is a threshold matter that a district court must address at the outset of litigation. *E.g.*, *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (non-precedential) (noting the "the importance of addressing motions to transfer at the outset of litigation"); *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."); *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) (stating that disposition of transfer motion "should have taken a top priority" in the litigation). The transfer statute is designed "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 27 (1960). But that goal is "thwarted" when defendants must participate in protracted litigation before transfer is resolved. *EMC*, 501 F. App'x at 976; *see also In re Apple*, 979 F.3d 1332, 1339 (Fed. Cir. 2020) (faulting district court for "barrel[ing] ahead on the merits in significant respects," including overseeing discovery disputes and claim construction, before issuing a transfer decision). Indeed, the Federal Circuit has repeatedly endorsed the Third Circuit's precedent holding that "it is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970)

(vacating order that required all merits discovery to be completed before district court would resolve transfer motion).[1]

When district courts fail to afford that priority to transfer motions, the Federal Circuit has used its mandamus authority to ensure that those courts do not "frustrate 28 U.S.C. § 1404(a)'s intent" by forcing litigants "to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *Google*, 2015 WL 5294800, at *1; *see also In re SK hynix Inc.*, 835 F. App'x 600, 600-01 (Fed. Cir. 2021) (non-precedential); *In re TracFone Wireless, Inc.*, 848 F. App'x 899, 901 (Fed. Cir. 2021) (non-precedential); *cf. In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *1 (Fed. Cir. Oct. 25, 2021) ("Delays in resolving transfer motions, coupled with ongoing discovery, claim construction, and other proceedings, frustrate the purpose of § 1404(a).") (denying mandamus because magistrate had ruled on venue motion after petition was filed).

The Order is directly contrary to the foregoing precedent. While it defers the *Markman* hearing and claim-construction order "until the Court resolves the transfer motion," DE 56 at 6, the scheduling order here guarantees that the Court and parties will undertake many other important substantive steps in this case before the Court determines whether the Western District is the venue where trial will ultimately take place.  Most notably, the Order ensures that this Court will oversee all of fact discovery, including resolving any discovery disputes pursuant to its own procedures for resolving discovery disputes. *See*, OGP Version 4.1 at 3–5. But the Federal Circuit has specifically identified these steps as ones that should await a transfer decision. *See Apple*, 979 F.3d at 1338 (faulting district court for holding "a discovery hearing and issu[ing] a corresponding

---

[1] *See Apple*, 979 F.3d at 1337; *Google*, 2015 WL 5294800, at *1; *Nintendo*, 544 F. App'x at 941; *EMC*, 501 F. App'x at 975 n.1; *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) (non-precedential).

discovery order"); *SK hynix*, 835 F. App'x at 600-01 (staying "all discovery" until transfer was resolved and faulting district court for "order[ing] the parties to engage in extensive discovery"); *Google*, 2015 WL 5294800, at *1 (faulting district court for "proceeding through to the close of fact discovery" and conducting "a hearing related to several discovery disputes").

In addition, the Order ensures that the parties must complete multiple other substantive steps here in the Western District of Texas before this Court will consider whether this case should be transferred to the Northern District of California. In particular, the parties must comply with deadlines to: add parties; serve final infringement and invalidity contentions under this Court's Standing Orders; amend pleadings; narrow the asserted claims and prior art according to this Court's Standing Orders (any disputes over which this Court will resolve); and exchange preliminary exhibit and witness lists for trial. All of this will take place before the parties are even permitted to resume briefing on Apple's transfer motion. In short, the Order guarantees that the parties will expend significant resources and the case will substantially progress on the merits, all in a forum that ultimately may not preside over the case.

Furthermore, this substantive progress will take significant time. Apple filed its motion to transfer in May 2022. Under this Court's scheduling order, that motion will not be fully briefed until a full year later, when Apple files a sur-reply in May 2023. *See* DE 56 at 7 (setting sur-reply deadline for 36 weeks after originally scheduled *Markman* hearing in August 2022). That is a significantly longer delay than the type the Federal Circuit has previously found to be unacceptable in the transfer context and to warrant mandamus relief. *See Google*, 2015 WL 5294800, at *1 (delay of 8 months from filing of motion); *TracFone*, 848 F. App'x at 900 (same); *SK hynix*, 835 F. App'x at 600-01 (same); *cf. Horseshoe Ent.*, 337 F.3d at 433 (Fifth Circuit faulting district court for "wait[ing] some 13 months" to rule on transfer).

**B.    The remaining factors militate in Apple's favor.**

This Court next must consider whether the other three factors "militate in [the] movant's favor." *Standard Havens*, 897 F.2d at 513. Those factors are: (1) whether the movant will suffer irreparable harm absent a stay; (2) whether the non-movant will suffer injury if the stay is granted; and (3) whether a stay serves the public interest. *Nken*, 556 U.S. at 434. Here, each weighs in favor of granting a stay.

Apple will be "irreparably injured absent a stay." *Id.* at 426. Absent a stay, this case will likely proceed to substantive issues within days, and for the next eight months. But if Apple prevails on its mandamus petition, and this Court is ordered to consider Apple's transfer motion now, this Court will have erred in addressing substantive issues. And the parties will have been forced to spend time and resources litigating in an inconvenient venue that ultimately might not try this case. *See TracFone Wireless*, 848 F. App'x at 900. These harms could not be remedied after the fact. Once this Court proceeds to substantive review of this case, the "prejudice suffered cannot be put back in[to] the bottle." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc). The threat of those harms confirms that a stay is warranted. *See SK hynix*, 835 F. App'x at 601 (partially granting mandamus relief, including a stay of "all proceedings concerning . . . substantive issues" until the resolution of a transfer motion, as the petitioner had "no alternative means by which to obtain" such relief).

Unlike the costs imposed on Apple, any injury caused to Scramoge by a short stay of this case could be adequately compensated through ordinary damages principles. The delay is expected to be short; the Federal Circuit has recently resolved similar mandamus petitions within two weeks. *See, e.g.*, *TracFone*, 848 F. App'x at 899 (mandamus granted six days after petition was filed); *SK hynix Inc.*, 835 F. App'x at 600–01 (mandamus granted ten days after

petition was filed). Such a stay would not affect Scramoge's claims or potential relief in any way because Scramoge does not produce or sell any products and it does not compete with Apple. *See Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 6:14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) ("When a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, 'mere delay in collecting those damages does not constitute undue prejudice.'") (quoting *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 13-CA-1025, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015)).

Finally, there is "a general public policy of preserving judicial resources from the risk of reversal." *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011). Such a policy favors staying district court proceedings where, as here, an important question is presented on appeal, the district court's order could be overturned, and the movant has presented a substantial case on the merits.

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant the motion to stay pending resolution of the Petition and order an immediate stay of all deadlines, activities, and proceedings in this case.

Dated:  September 8, 2022

Steven D. Moore (admitted in W.D. Tex.)
Rishi Gupta (*pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
Two Embarcadero Center Suite 1900
San Francisco, CA USA 94111
Tel: (415) 576-0200
Fax: (415) 576-0300
Email: smoore@kilpatricktownsend.com
Email:  rgupta@kilpatricktownsend.com

Alton L. Absher III (admitted in W.D. Tex.)
Andrew W. Rinehart (*pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Tel: (336) 607-7300
Fax: (336) 607-7500
Email:  aabsher@kilpatricktownsend.com
Email:  arinehart@kilpatricktownsend.com

Mansi H. Shah (*pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
1080 Marsh Road
Menlo Park, CA 94025
Tel: (650)752-2445
Fax: (650) 618-8641
Email:  mansi.shah@kilpatricktownsend.com

Amanda N. Brouillette (*pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Tel: (404) 685-6775
Fax: (404) 541-3335
Email:  abrouillette@kilpatricktownsend.com

Kasey E. Koballa (*pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
4208 Six Forks Road Suite 1400
Raleigh, NC 27609
Tel: (919) 420-1712
Fax: (202).315-3024
Email:  kkoballa@kilpatricktownsend.com

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
**Kelly Hart & Hallman LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

*Attorneys for Defendant, Apple Inc.*

Christopher P. Schaffer (*pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
12255 El Camino Real, Suite 250
San Diego, CA 92130
Tel: (858) 350-6161
Fax: (858) 408-3428
Email:  cschaffer@kilpatricktownsend.com

## CERTIFICATE OF CONFERENCE

The undersigned certifies counsel have conferred. Plaintiff opposes the relief sought.

Accordingly, the Motion is presented to the Court for resolution.

*/s/ J. Stephen Ravel*
J. Stephen Ravel

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing

document via the Court's CM/ECF system on September 8, 2022.

*/s/ J. Stephen Ravel*
J. Stephen Ravel